09-2123-ag
Lin v. Holder

BIA
A078 688 796

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT:
    JOSEPH M. McLAUGHLIN,
    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
            *Circuit Judges.*

_____

QING MEI LIN,
            *Petitioner*,

            v.                                      09-2123-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:          Peter D. Lobel, New York, New York

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Carl H. McIntyre, Assistant Director; W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Qing Mei Lin, a native and citizen of the People's Republic of China, seeks review of an April 21, 2009, order of the BIA denying his motion to reopen. *In re Qing Mei Lin*, No. A078 688 796 (B.I.A. Apr. 21, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Lin's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA

2

did not abuse its discretion in denying Lin's motion to reopen, which was indisputably untimely. *See* 8 C.F.R. § 1003.2(c)(2).

As the BIA found, Lin's alleged conversion to Christianity was a change in his personal circumstances, not a change in country conditions. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008). Lin asserts, however, that he presented evidence both that he had converted to Christianity and that conditions for Christians in China have recently worsened. But changing one's personal circumstances in a way that coincides with changes in one's country-years after being ordered removed-does not meet the changed country conditions exception set forth in INA § 1229a(c)(7)(C)(ii). As we have observed, the existing legal system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application." *Yuen Jin*, 538 F.3d at 155. Indeed, the law contains provisions specifically designed to prevent the manufacturing of new asylum claims, and those provisions

3

would be defeated by allowing aliens to change their personal circumstances in response to changes in their country and thereby reopen their removal proceedings closed years prior. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006). Therefore, we find no abuse of discretion in the BIA's denial of Lin's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4